**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

IN THE MATTER OF
THE EXTRADITION OF
RICARDO AMIAN RODRIGUEZ,

                                          No. 08-MR-47 WJ

A FUGITIVE FROM THE UNITED
MEXICAN STATES

**MEMORANDUM OPINION AND ORDER DENYING
RICARDO AMIAN RODRIGUEZ'S MOTION FOR DISCOVERY**

THIS MATTER comes before the Court on Ricardo Amian Rodriguez's April 7, 2008 Motion for Discovery. (Doc. 22). The Court, having considering the instant Motion, the United States' April 21, 2008 Response (Doc. 25), Mr. Rodriguez's April 28, 2008 Reply (Doc. 26), the relevant law, and otherwise being fully informed, hereby denies Mr. Rodriguez's Motion for Discovery.

Ricardo Amian Rodriguez ("Rodriguez"), in the instant Motion, "requests this Court, pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, to order the government to provide discovery to enable him to prepare for his upcoming extradition hearing." (Doc. 22). Rodriguez, a United States citizen, was arrested on February 26, 2008, pursuant to a provisional arrest warrant requested by the United Mexican States under the Extradition Treaty Between the United States of America and the United Mexican States, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059 ("Treaty"). The United States acts on behalf of the United Mexican States in the instant matter. Article 10 of the Treaty states:

**Extradition Procedures and Required Documents**
1.- The request for extradition shall be made through the diplomatic channel.
2.- The request for extradition shall contain the description of the offense for which extradition is requested and shall be accompanied by:

>       a) A statement of the facts of the case;
>       b) The text of the legal provisions describing the essential elements of the offense;
>       c) The text of the legal provisions describing the punishment for the offense;
>       d) The text of the legal provisions relating to the time limit on the prosecution or the execution of the punishment of the offense;
>       e) The facts and personal information of the person sought which will permit his identification and, where possible, information concerning his location.
> 3.- In addition, when the request for extradition relates to a person who has not yet been convicted, it shall be accompanied by:
>       a) A certified copy of the warrant of arrest issued by a judge or other judicial officer of the requesting Party;
>       b) Evidence which, in accordance with the laws of the requested Party, would justify the apprehension and commitment for trial of the person sought if the offense had been committed there.
> . . . .
> 5.- All the documents that must be presented by the requesting Party in accordance with the provisions of this Treaty shall be accompanied by a translation in the language of the requested Party.

Article 11(3) of the Treaty states: "Provisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person claimed, the executive authority of the requested Party has not received the formal request for extradition and the documents mentioned in Article 10."

In the instant case, the formal request for extradition was due to the United States Government on April 25, 2008. Under 18 U.S.C. § 3184, the Court must hold a hearing to consider the evidence found within the United Mexican States' formal request and determine whether it is "sufficient to sustain the charge under the provisions of the proper treaty or convention." Upon having such a hearing, if the Court finds Rodriguez to be extraditable, it shall certify the same to the United States Secretary of State, who ultimately decides whether to surrender Rodriguez.

In the instant Motion, Rodriguez requests that the government[1] produce to him in advance of the hearing the following information:  (a) a complete copy of the court file from his case; and if not included therein, (b) the original Spanish version of the warrant issued on May 19, 2003; (c) a copy of the ballistics analysis; (d) a copy of the autopsy report; (e) copies of all photographs taken in connection with this case.  (Doc. 22).  The United States, in its Response, represents that "Defense counsel will be provided a copy of the formal [request] package when it is submitted to this Court."  (Doc. 25).  The United States further notes that counsel for the Government cannot directly request information from the United Mexican States.  Rather, such requests are made at a diplomatic government-to-government level higher than the United States Attorney's Office.  Id.  The Court, having not been presented with the United Mexican States' formal request and having not held the hearing mandated under 18 U.S.C. § 3184,[2] is faced with the issue of whether to order discovery at this juncture.

An extradition proceeding is not a trial.  Instead, the relevant determination is confined to whether a prima facie case of guilt exists such that it is proper to hold the extraditee for trial.  See Charlton v. Kelly, 229 U.S. 447, 461 (1913).  Thus, the purpose of the extradition hearing before the Court is to test the existence of probable cause.  Rodriguez concedes that "normal bail rights and the Rules of Criminal or Civil Procedure do not apply to extradition hearings and the extradition statute itself does not confer a right to discovery . . . ."  (Doc. 22).  However,

---

[1] Rodriguez contends that the United States Attorney's Office cannot claim that it is powerless to produce documents in the possession of the United Mexican States.  (Doc. 26).  Because the instant Motion is denied on other grounds, this Memorandum Opinion and Order does not reach the merits of this contention.

[2] Rodriguez's Extradition Hearing has been set for May 8, 2008.  (Doc. 21).

Rodriguez contends that Constitutional rights apply in this context, and that Due Process requires that discovery be produced. Id.  The United States, in its Response, makes three arguments against Rodriguez's assertion:  (1) an extradition hearing is not a criminal proceeding, thus Rodriguez does not have a 5th Amendment right to discovery; (2) Rodriguez requests evidence to prove guilt, not to sustain the charge, thereby exceeding the scope of an extradition hearing pursuant to 18 U.S.C. § 3184; and (3) materials to be submitted by the Mexican government encompass anything to which a fugitive is entitled under the treaty, statute, and case law.  The Court, finding the last of the United States' rationales particular compelling, rules that ordering discovery at this juncture is premature.

"Although there is no explicit statutory basis for ordering discovery in extradition proceedings, the extradition court has the inherent power to order such discovery procedures as law and justice require." Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1407 (9th Cir.1988) (citing Quinn v. Robinson, 783 F.2d 776, 817 n. 41 (9th Cir.1986)).  "In exercising its discretion to grant or deny discovery, an extradition court should consider that 'extradition proceedings are not to be converted into a dress rehearsal for trial' and 'whether the resolution of the contested issue would be appreciably advanced by the requested discovery.'" Oen Yin-Choy, 858 F.2d at 1407 (quoting Emami v. U.S. Dist. Court for Northern Dist. of California, 834 F.2d 1444, 1452 (9th Cir. 1987)).  As stated above, at the extradition hearing–the proceeding for which Rodriguez seeks discovery–the contested issue will be whether or not probable cause exists.  "Moreover, persons challenging extradition have only a limited right to challenge the evidence against them. 'An accused in an extradition hearing has no right to contradict the demanding country's proof or to pose questions of credibility as in an ordinary trial, but only to offer evidence which

explains or clarifies that proof.'" Sahagian v. United States, 864 F.2d 509, 514 n. 6 (7th Cir.1988) (Eain v. Wilkes, 641 F.2d 504, 511 (7th Cir. 1981), cert. denied, 454 U.S. 894 (1981)). To do otherwise would incorrectly convert the extradition into a full-scale trial. "[T]he extradition proceeding is not a trial of the guilt or innocence [of petitioner] but of the character of a preliminary examination . . . ." Jimenez v. Aristeguieta, 311 F.2d 547, 556 (5th Cir. 1962).

Having considered the applicable treaty and law requirements, the Court finds that the United Mexican States' formal request may very well provide the material Rodriguez's instant Motion seeks. It should be noted, that this Memorandum Opinion and Order does not foreclose the possibility of the Court entertaining discovery requests for specific material at the May 8, 2008 expedition hearing. Specifically, at the hearing, Rodriguez is free to assert that justice requires this Court utilize its inherent power and order discovery. However, ordering such discovery at the current juncture would be premature. It is not necessary for the Court to address whether Rodriguez's specific discovery requests exceed the scope of an extradition hearing tasked with determining whether probable cause exists. At this time, without having reviewed the United Mexican States' formal request, the Court finds resolution of the contested issue of probable cause would not be appreciably advanced by the requested discovery. Accordingly, the Court denies Rodriguez's Motion for Discovery.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE